IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PACIFIC INDEMNITY INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | ) |
| vs. | )<br>) Case No. 15-cv-09188 |
| KANSAS CITY POWER & LIGHT COMPANY, | )<br>)<br>) |
| Defendant. | ) |

## AGREED PROTECTIVE ORDER

Defendant Kansas City Power & Light Company ("KCP&L") and Plaintiff Pacific Indemnity Insurance Company ("Plaintiff"), have a mutual interest in the orderly and prompt production of discovery. KCP&L has expressed concerns about the production of proprietary or sensitive information and documents in response to discovery propounded in this matter. Having weighed the issues related to having a court decide the propriety of a confidentiality designation, a compromise has been reached. The compromise, as set forth below, provides for mutual agreement of issues of confidentiality. The Agreed Protective Order ("Protective Order") is as follows:

   1. KCP&L may designate documents or things produced in this action by KCP&L as confidential by marking the document as being produced pursuant to protective order, or other similar designation, if KCP&L believes in good faith such document contains or reflects trade secrets, commercial information, non-public proprietary information, or information not publicly disseminated. Any designations placed on the paper documents, photographs or videotapes shall be placed so as to not obscure or obstruct any information on the document. "Document" means any writing or recording consisting of letters, words, numbers or images or their equivalent, set down by handwriting, typewriting, stenotype, printing, photostating, photographing, magnetic

impulse, mechanical or electronic recording, electronic inputs and outputs, computer printouts or logs, computer history files or any other form of data compilation or recordation.

2. Notwithstanding any designation made pursuant to the preceding paragraph, the following documents shall not be subject to this Protective Order: (a) advertising materials; or (b) materials that on their face show that they have been published to the general public.

3. Documents designated by KCP&L as confidential may be freely disseminated to counsel appearing for any of the parties in this action, including paralegals, secretaries and other employees (including independent contractors) who are assisting counsel in this action subject to the terms of this Protective Order.

4. Documents designated by KCP&L as confidential may also be disseminated or made available to the following qualified person(s), provided that prior to disclosure to any such person(s), such person(s) shall execute an "Affidavit and Acknowledgment of Protective Order" in the form attached to the Order as **Exhibit A.**

    a. Any expert or other person with scientific or technical knowledge consulted by Plaintiff's counsel in this action provided such persons agree not to reveal such information or documents to any person not bound by this Protective Order. However, any such expert may testify at deposition or at trial pertaining to his or her opinions and the designated documents;

    b. Any Plaintiff in this action;

    c. Any Defendant in this action;

    d. Any Third Party Defendant in this action;

  e. Any person whom Plaintiff's counsel intends in good faith to call as a witness at the trial of this action and any person whom Plaintiff's counsel in good faith believes will be called as a witness at the trial of this action;

  f. Court reporters[1] and video operators and their employees in the performance of their official duties.

5. Any deposition which contains testimony about, or otherwise sets forth documents, information or other materials which are designated by KCP&L as confidential, shall likewise be subject to the terms of this Protective Order. Further, the designation of confidentiality of deposition testimony may be made on the record at a time of a deposition, or within thirty (30) days thereafter, at which time the testimony shall be subject to the full protection of this Protective Order.

6. All qualified persons to whom documents designated by KCP&L as confidential have been disseminated or made available, even after the conclusion of this litigation, shall be under a continuing duty not to reveal such information so long as such information is not otherwise available to the public. Plaintiff's counsel shall maintain a list or log of all persons to whom KCP&L's documents or things marked as confidential have been disseminated. The list or log and the written Acknowledgments of Protective Order shall remain confidential and not discoverable by KCP&L. However, a copy of the log and the acknowledgments, upon request, shall be provided to counsel of record for KCP&L within thirty (30) days of the final conclusion of this litigation.

7. After termination of this litigation, the provisions of this Protective Order shall continue to be binding on all attorneys, parties and anyone to whom documents designated

---

[1] In accordance with the D. Kan. guidelines for proposed protective orders, court personnel are not bound by this protective order and shall not be required to execute Exhibit A.

confidential have been made available, except with respect to the documents and information that become a matter of public record or were not subject to this Protective Order. Within thirty (30) days of the termination of this litigation, counsel for Plaintiff shall return to KCP&L all such documents designated as confidential, all depositions designated confidential pursuant to Paragraph 5 hereof, including all confidential exhibits, and all depositions referring to documents designated as confidential. This includes all documents, depositions, exhibits, and all copies thereof, provided to any person or party pursuant to Paragraph 3 and 4 hereof and it shall be the responsibility of counsel for Plaintiff to retrieve same and return them to KCP&L.

8. Nothing in this Protective Order shall be deemed a waiver of KCP&L's right to (a) oppose discovery upon grounds that the documents and information sought constitute or contain privileged information; or (b) object on any ground to the admission in evidence at trial of this action of any confidential information.

SO ORDERED this 30th day of November, 2015.

          s/ James P. O'Hara  
          James P. O'Hara  
          U.S. Magistrate Judge

**APPROVED AND AGREED TO:**

BY: /s/ Mark A. Ferguson  
Mark A. Ferguson  
10990 Quivira, Suite 200  
Overland Park, KS 66210  
(913) 661-0222  
MarkFerguson@gsflegal.com

BY: /s/ Sarah Earle Killeen  
Sarah Earle Killeen  
Cozen O'Connor

707 17th Street, Ste. 3100
Denver, CO  80202
(720) 479-3900
skillen@cozen.com

**ATTORNEYS FOR PLAINTIFF**


BY:  /s/ Karrie J. Clinkinbeard
Karrie J. Clinkinbeard
Megan J. Ochs
ARMSTRONG TEASDALE LLP
2345 Grand Boulevard, Ste. 1500
Kansas City, Missouri 64108-2617
(816) 221-3420
(816) 221-0786 (facsimile)
kclinkinbeard@armstrongteasdale.com
mochs@armstrongteasdale.com

**ATTORNEYS FOR KANSAS CITY POWER & LIGHT COMPANY**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PACIFIC INDEMNITY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) Case No. 15-cv-09188 |
| KANSAS CITY POWER & LIGHT COMPANY, | ) ) ) |
| Defendant. | ) |

## AFFIDAVIT AND ACKNOWLEDGMENT OF PROTECTIVE ORDER

I, _____, being first duly sworn, residing at _____ _____ states that he/she has read and fully understands the attached Agreed Protective Order entered by the Court in the above-captioned action, that he/she agrees to comply with and be bound by the provisions of said Protective Order, and submits to the jurisdiction of this Court for any proceedings with respect to said order; that he/she will not divulge the content of any protected documents, materials or information to persons other than those specifically authorized by said Protective Order, and will not copy or use, except solely for the purpose of this action and for no other purpose, any documents, materials or information obtained pursuant to said Protective Order except as expressly permitted by the Court. I recognize that any breach of the Protective Order may be punishable as contempt of Court. All civil remedies for breach of the Protective Order are reserved by Defendant.

6

FURTHER AFFIANT SAYETH NAUGHT

_____
Affiant's signature

State of_____ )
_____ ) ss.
County of_____ )

Subscribed and sworn to before me this \_\_\_\_day of _____, 2015.

_____
Notary Public
My Commission Expires:

_____

7